[No. 19015.     Department Two.     May 7, 1925.]

A. V. MARTIN et al., Respondents, v. W. S. TALLMAN et al., Appellants.[1]

ELECTION OF REMEDIES (3)—ACTS CONSTITUTING. In an action against purchasers for specific performance, a prayer for the cancellation of contracts by the purchasers clouding plaintiff's title, cannot be construed as an election of the remedy of forfeiture, where there was no suggestion in the complaint of forfeiture of the defendants' rights, and at the trial plaintiff announced that the purpose of the action was to have the contract performed.

VENDOR AND PURCHASER (36)—CONTRACTS—CONSTRUCTION—PAYMENT. Under a contract for the sale of land requiring the purchaser to apply to the payments three-fourths of the net income from the premises, after deducting water assessments, it is error to fix the amount of the annual payments without deducting the water assessments.

Appeal from a judgment of the superior court for Okanogan county, Carey, J., entered June 28, 1924,

[1]Reported in 235 Pac. 787.

upon findings in favor of the plaintiffs, in an action for specific performance, tried to the court.   Modified.

*J. W. Graham* and *C. A. Riddle,* for appellants.

*W. E. Grant* and *A. J. O'Connor,* for respondents.

TOLMAN, C. J.—Respondents, by their complaint in this action, alleged that they were the owners of certain farm lands in Okanogan county, and that in August, 1920, they entered into a written contract with the appellants Tallman and wife, as a community, to sell them the lands. A certain cash payment was provided for and made, the balance of the purchase price to be paid as follows:

"Purchaser shall apply to the payment of said balance three-fourths of the net income from the said premises each and every year, after deducting general taxes, water assessments and all the expenses incidental to the raising of the crop, making annual payments in the sums represented by said three-fourths net income on or before the 1st day of October of each year, commencing with October 1, 1921, provided, however, that the whole amount of the said purchase price shall be paid to first parties within a period of seven years, and provided further, that the purchaser may pay all of the said purchase price or any sum of $500.00 or more thereon, at any time when he shall so desire. Said deferred payments shall bear interest at the rate of six per cent per annum, payable annually."

That appellants entered into possession under the contract; occupied, used and enjoyed the property until January 1, 1924, when they abandoned the premises and gave notice that they did not intend to complete the contract; that, during the time they were in possession, appellants sold a portion of the lands to the defendants Neff, put them in possession, received portions of the purchase money from the Neffs, applied it to their own use, failed to pay the taxes and water assessments,

failed to apply any of the net income upon the purchase price or pay any part of the deferred payments, either principal or interest, committed waste, etc., and prayed that a receiver be appointed to take charge of the property; that the title be cleared and declared to be in the respondents; that the Neff contract be cancelled, and that they have judgment for damages for the clouding of their title by the Neff contract, for injuries to the land, for the amount of water assessments paid by them to prevent sale of the land, and for the accrued annual payments measured by the terms of the contract. From a judgment against W. S. Tallman and the community composed of himself and his wife, Margaret Tallman, in the aggregate sum of $3,315.28 and interest, they have appealed.

The first question raised by appellants, and the one most seriously urged, is that the action was one to declare a forfeiture and remove the cloud upon respondents' title caused by the recording of the two contracts mentioned, and not an action to enforce the contract and cause it to be specifically performed. A reading of the complaint convinces us that this contention cannot be sustained. There is no suggestion in the complaint of an attempt to declare a forfeiture, and the prayer for the cancellation of the contract, when read in connection with the allegations of the complaint, is clearly a prayer for the cancellation of the Neff contract only. Moreover, before witnesses were called at the opening of the trial, respondents announced that their purpose was only to have the contract performed; so that appellants could have been in no wise misled. Conceding that the two remedies are inconsistent, there is here shown no election to pursue the remedy of forfeiture, if any such existed under the terms of the contract.

Some argument is made as to the items of income and expenses found by the trial court in fixing the amount of the annual payments covered by the judgment and as to the community character of the liability, but, after a careful study, we think the findings are well supported by the evidence, and we cannot disturb them. It is urged, however, that there was error in fixing the amount of the annual payments from the income without a deduction of the water assessments which should have been first paid and deducted under the terms of the contract, and then including in the judgment the sum of $1,498.97, paid by respondents on delinquent water assessments to prevent foreclosure and sale of the lands, thus making a double recovery to the amount of this item. We think this contention must be sustained. The contract provides:

"Purchaser shall apply to the payment of said balance three fourths of the net income from the said premises each and every year, after deducting the general taxes, water assessments and all of the expenses incidental to the raising of the crop, . . ."

and it is apparent that, if the $1,498.97 had been first paid and deducted, the three-fourths of the net income would have been reduced by that amount. Not having been so paid and deducted, the net income payable was increased by that amount. Apparently this was an oversight on the part of the trial court which was not called to his attention at the time the findings were presented, or afterwards, by a motion for a new trial; and, while the judgment must be modified by striking out the item referred to, yet no costs will be allowed to either party on this appeal.

The judgment will be modified by striking out that part which reads as follows:

". . . and for the further sum of Fourteen Hundred Ninety-eight and 97/100 Dollars ($1498.97) to-

gether with interest at the rate of 6% per annum from February 21, 1924.''

And the judgment so modified will stand affirmed.

FULLERTON, HOLCOMB, MITCHELL, and MACKINTOSH, JJ., concur.